# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TARA THOMPSON, an individual, | ) | |
| ROBERT THOMPSON, an individual, | ) | |
| TARA THOMPSON, as Guardian of | ) | |
| J.T. a minor child, and TARA | ) | |
| THOMPSON, as Guardian of A.T., | ) | |
| a minor child, | ) | C.A. No. N23C-08-039 PAW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MADISON RAYNES LEWIS, | ) | |
| an individual, and STATE FARM | ) | |
| MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: June 12, 2024
Decided: September 30, 2024

## OPINION

*Upon Defendant State Farm's Motion to Dismiss*;

## DENIED.

Daulton Gregory, Esq., of Marin & Gregory LLC, Wilmington, Delaware, *Attorney for Plaintiffs.*

Patrick Rock, Esq., of Heckler & Frabizzio, Wilmington, Delaware, *Attorney for Defendant Madison Raynes Lewis.*

Donald Ransom, Esq., of Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware, *Attorney for Defendant State Farm Mutual Automobile Insurance Company.*

**WINSTON, J.**

## I.    <u>INTRODUCTION</u>

Plaintiffs allege Defendant State Farm Mutual Automobile Insurance Company violated 21 *Del. C.* § 2907 when it failed to disclose the bodily injury limits of liability.[1]  State Farm moved to dismiss the complaint under Superior Court Civil Rule 12(b)(6).  State Farm contends that a private right of action does not exist under Section 2907.  Therefore, the issue before the Court is whether there is a private right of action for an injured person against insurers under 21 *Del. C.* § 2907.  Although Section 2907 does not expressly provide for one, a private right of action is implied within the statue.  Accordingly, State Farm's Motion to Dismiss is **DENIED**.

## II.    <u>FACTUAL AND PROCEDRUAL BACKGROUND</u>

The following facts are drawn from the Amended Complaint (the "Amended Complaint").[2]  On September 5, 2022, Plaintiffs Tara Thompson and her minor children, J.T. and A.T., were traveling in their motor vehicle when Thompson's vehicle was struck by Defendant Madison Lewis's vehicle.[3]  Lewis received a traffic ticket, admitted to the traffic violation, and paid the traffic ticket.[4]  At the time of the

---

[1] Plaintiffs also brought a negligence claim against Defendant Madison Lewis for injuries sustained in a motor vehicle collision.

[2] Docket Item ("D.I.") 9.

[3] D.I. 9 ¶ 9.

[4] *Id*. ¶ 12.

collision, State Farm insured Lewis under a Delaware-issued policy.[5]  A State Farm adjuster (the "Adjuster") handled and managed Plaintiffs' claims.[6]

Prior to filing the instant action, Plaintiffs requested State Farm disclose the bodily injury limits of liability of any motor vehicle liability policy potentially applicable to Plaintiffs' claims.  Along with its request, Plaintiffs provided State Farm with information related to the collision: the date of the motor vehicle collision; the claim number and police report for the collision; the name and address of the alleged liable party; and Plaintiffs' medical records, medical bills, and wage loss documentation pertaining the claim.[7]  After multiple requests and State Farm's failure to disclose the policy limit, Plaintiffs filed the instant action.[8]  Approximately one month after filing this action, the Adjuster confirmed to Thompson's underinsured motorist claim adjuster from LM General Insurance Company that Lewis had $250,000/$500,000 of available liability coverage and $1,000,000 of excess coverage.[9]  Shortly thereafter, Plaintiffs filed the Amended Complaint, naming State Farm as a defendant and alleging it violated Section 2907.[10]

---

[5] *Id.* ¶ 21.

[6] *Id.* ¶ 22.

[7] *Id.* ¶ 28.

[8] *Id.* ¶¶ 29-49.

[9] *Id.* ¶ 50.

[10] D.I. 9.

State Farm moved to dismiss the Amended Complaint and filed an opening brief in support of its motion on February 20, 2024. On March 20, 2024, Plaintiff filed an answering brief in opposition to State Farm's motion to dismiss. State Farm submitted its reply brief in further support of its motion to dismiss on April 4, 2024. Oral argument was held on May 14, 2024, and the Court requested supplemental submissions.

## III. STANDARD OF REVIEW

State Farm seeks dismissal under Superior Court Civil Rule 12(b)(6). Upon a Rule 12(b)(6) motion, this Court: (i) accepts all well-pleaded factual allegations as true; (ii) credits vague allegations if they give the opposing party notice of the claim; (iii) draws all reasonable inferences in favor of the non-moving party; and (iv) denies dismissal if recovery on the claim is reasonably conceivable.[11]

## IV. ANALYSIS

The question presented, one of first impression in Delaware, is whether a private right of action for an injured person against insurers exists under Section 2907. Section 2907 does not expressly permit individuals to sue for violations of its provision. Therefore, this Court must analyze whether a private right of action is implied within the statute.

---

[11] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings, LLC*, 27 A.3d 531, 535 (Del. 2011).

Delaware courts traditionally apply a test first articulated by the United States Supreme Court in *Cort v. Ash*[12] to determine whether a private right of action exists. The inquiry is threefold: (1) whether the plaintiff is a member of a class for whose special benefit the statute was enacted; (2) whether there is any indication of legislative intent to create or deny a private right of action; and (3) whether recognition of an implied private right action would advance the statute's purpose.[13]

The statute in question was promulgated as part of the Motor Vehicle Financial Responsibility Act (the "Act").[14] The purpose of the Act is to protect and compensate all persons injured in automobile accidents.[15] Prior to the implementation of Section 2907, before the filing of a lawsuit, automobile insurance companies were not required to disclose liability coverage information to an injured claimant or attorney representing the claimant.[16] The legislative effect of Section 2907 is to "reduce the number of lawsuits filed by requiring automobile insurance companies to disclose liability coverage information prior to the time that a lawsuit is filed."[17] Under Section 2907, upon receiving a written request[18] from an injured

---

[12] 422 U.S. 66, 78 (1975).

[13] *Id.*

[14] H.B. 413, 149th Gen. Assemb., Reg. Sess. (Del. 2018).

[15] *Hudson v. State Farm*, 569 A.2d 1168, 1172 (Del. Super. Jan. 18, 1990).

[16] H.B. 413, 149th Gen. Assemb., Reg. Sess. (Del. 2018).

[17] H.B. 413, 149th Gen. Assemb., Reg. Sess. (Del. 2018).

[18] The written request must include: the date of the motor vehicle accident; the name

person, Section 2907 obligates[19] an insurer to provide an injured person with bodily injury limits of liability of any applicable motor vehicle liability policy. Thus, Section 2907's purpose is to ensure liability coverage information is communicated to a claimant without the necessity of a lawsuit.

State Farm concedes that the statute benefits Thompson,[20] but argues the intent of the statute was to specifically benefit the Court because the legislative history states "[t]his legislation will reduce the number of lawsuits filed…."[21] Yet, State Farm acknowledges that, prior to the statute's enactment, insurance companies were not required to disclose liability coverage information to injured persons pre-suit.[22] Lack of pre-suit disclosure necessitated the filing of lawsuits to obtain this information. To remedy this issue, the General Assembly enacted Section 2907.[23] Section 2907 requires insurance companies to disclose liability coverage information prior to the filing of a lawsuit. Although the legislative effect of Section

---

and last known address of the alleged liable party if it has been reported to the requesting party; a copy of the police report, if any; claim number, if available; the injured person's medical records, medical bills, and wage-loss documentation; and supporting damages. 21 *Del. C.* §§ 2907(b) and (c).

[19] The insurer's obligation is triggered if the total medical bills and wage losses submitted must equal or exceed $12,500. 21 *Del. C.* § 2907(d).

[20] *Motion to Dismiss* Oral Arg. Tr. ("OA Tr.") at 5, May 14, 2024.

[21] Synopsis, H.B. 413, 149th Gen. Assemb., Reg. Sess. (Del. 2018).

[22] OA Tr. at 6.

[23] *Id*.

2907 might include litigation reduction, the statute was enacted to benefit injured persons seeking to obtain information about the insurance liability coverage. This Court concludes the statute was created specially to benefit injured claimants by ensuring they can obtain information pre-suit that was previously available only post-suit. Therefore, Thompson falls within the class of persons for whose special benefit the statute was enacted.

Turning to the second inquiry, the legislature intended claimants meeting certain criteria be provided with liability coverage information before filing a lawsuit.[24] The Act instills the "Secretaries of Safety and Homeland Security and/or Transportation" the power to administer and enforce the Act.[25] Section 2909, however, provides that "[n]othing in this chapter shall prevent the plaintiff in any action at law from relying upon the other processes provided by law."[26] Although

---

[24] *See* 21 *Del. C.* §§ 2907(b) and (c). Here, there is no dispute that, as a result of the accident and prior to filing the Amended Complaint, Plaintiffs' counsel provided the statutorily-required information to State Farm, and State Farm failed to provide its liability limits.

[25] 21 *Del. C.* § 2908. State Farm also argues that the Delaware Insurance Commissioner has power over casualty insurance policies, including auto polices under Title 21. OA Tr. at 6-12. As conceded by State Farm, this Court has held that powers invested in the Commissioner were intended to add to all other available remedies at law, which means a private right of action may proceed. *Mentis v. Delaware American Life Ins. Co.*, 1999 WL 744430, at *6-7 (Del. Super. July 28, 1999) (holding a private right of action existing under 6 *Del. C.* § 2513, notwithstanding that statute's specification that the section shall not apply to matters subject to the jurisdiction of the Insurance Commissioner).

[26] 21 *Del. C.* § 2909.

not explicit, the placement of Section 2907 within Chapter 29 implicitly permits a remedy to be attached to a violation of the statute under Section 2909. Indeed, without an implied private right of action, injured persons would have no other recourse except to file a lawsuit to obtain the information—the exact conduct the statute was designed to counter.

A private right of action would advance Section 2907's purpose. As noted above, the purpose of the statute is to ensure injured persons are provided with liability coverage information *prior* to filing a lawsuit. A private right of action is appropriate for promoting the policy of the statute and necessary to assure its effectiveness. Giving an injured person a private right of action to address insurers that fail to comply with the statute serves to promote the intent of the statute.

Having found that all three factors allow Plaintiffs to pursue a private right of action, State Farm's Motion to Dismiss is **DENIED**.


    **IT IS SO ORDERED.**


*/s/ Patricia A. Winston*
**Patricia A. Winston, Judge**
